Harvey Bartle, IV
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ 08540-6241
Phone: (609) 919-6600

OF COUNSEL
Michael J. Abernathy
Wan-Shon Lo
Maria Doukas
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606-1511
Phone: (312) 324-1000

Margaret A. McGreal
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000

*Attorneys for Plaintiffs Salix Pharmaceuticals, Inc.,*
*Salix Pharmaceuticals, Ltd., Alfasigma S.p.A., and*
*Bausch Health Ireland Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALIX PHARMACEUTICALS, INC., SALIX PHARMACEUTICALS, LTD., ALFASIGMA S.P.A. and BAUSCH HEALTH IRELAND LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HETERO USA, INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-V, <br><br> Defendants. | Civil Action No. 3:26-cv-05142 <br><br> **COMPLAINT** <br><br> *Document Filed Electronically* |

Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., Alfasigma, S.p.A., and

Bausch Health Ireland, Ltd. (collectively, "Salix"), by their attorneys, Morgan, Lewis & Bockius

LLP, file this Complaint for patent infringement against Defendants Hetero Labs Limited ("Hetero

Labs"), Hetero Labs Limited Unit-V ("Hetero Unit-V"), and Hetero USA, Inc. ("Hetero USA") (collectively, "Hetero" or "Defendants") and hereby allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, arising out of Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of Xifaxan® (rifaximin tablets, 550 mg) prior to the expiration of U.S. Patent Nos. 11,779,571 ("'571 Patent"), 11,564,912 ("'912 Patent"), and 8,193,196 ("'196 Patent") (collectively, "Xifaxan® Patents" or "Patents-in-Suit").

2. By letter dated March 27, 2026 ("Notice Letter"), Defendants notified Salix that they had submitted ANDA No. 220749 ("Hetero ANDA") to FDA, seeking approval from FDA to engage in the commercial manufacture, use, and/or sale of generic rifaximin 550 mg tablets ("ANDA Product") under 21 U.S.C. § 355(j) prior to the expiration of the Xifaxan® Patents. The Notice Letter states that Defendants received a Paragraph IV acceptance acknowledgement receipt letter from FDA.

**PARTIES**

3. Plaintiff Salix Pharmaceuticals, Inc. is a corporation organized and existing under the laws of California having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

4. Plaintiff Salix Pharmaceuticals, Ltd. is a corporation organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

5.    Plaintiff Alfasigma S.p.A. is a corporation organized and existing under the laws of Italy having a principal place of business at Via Ragazzi del '99, 5, 40133 Bologna, Italy.

6.    Plaintiff Bausch Health Ireland Ltd. is a company organized and existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, D24 PPT3, Ireland.

7.    On information and belief, Defendant Hetero Labs is a corporation organized and existing under the laws of India, with its principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad, Telangana, 500018, India.  On information and belief, Hetero Labs is in the business of, among other things, developing, manufacturing, importing, marketing, offering for sale, and selling generic pharmaceutical products, throughout the United States, including in New Jersey.

8.    On information and belief, Defendant Hetero Unit-V is a corporation organized and existing under the laws of India, with its principal place of business at Polepally, Jadcerla, Mahabubnagar, Andhra Pradesh, 509301, India.  On information and belief, Hetero Unit-V is in the business of, among other things, developing, manufacturing, importing, marketing, offering for sale, and selling generic pharmaceutical products, throughout the United States, including in New Jersey.  On information and belief, Hetero Unit-V is a division of Hetero Labs.

9.    On information and belief, Defendant Hetero USA is a corporation organized and existing under the laws of Delaware with its principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey, 08854-4124.  On information and belief, Hetero USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.  On information and belief, Hetero USA is a wholly-owned subsidiary and the U.S. regulatory agent of Hetero Labs.

3

10.     On information and belief, Hetero Labs, Hetero Unit-V, and Hetero USA acted in concert to prepare and submit the Hetero ANDA to FDA.  On information and belief, Hetero USA assisted Hetero Labs and Hetero Unit-V with the preparation of the Hetero ANDA.  On information and belief, Hetero USA assisted Hetero Labs and Hetero Unit-V with the submission of the Hetero ANDA to FDA.

11.     On information and belief, if the Hetero ANDA were approved, Hetero Labs, Hetero Unit-V, and Hetero USA would directly or indirectly market, sell, and distribute the ANDA Product throughout the United States, including in New Jersey.  On information and belief, Hetero Labs, Hetero Unit-V, and Hetero USA are agents of each other and/or operate as integrated parts of the same business group, including regarding the Hetero ANDA Product, and enter into intercompany agreements with each other.  On information and belief, Hetero Labs, Hetero Unit-V, and Hetero USA participated in, assisted, and cooperated with each other in the acts complained of herein.

12.     On information and belief, following any FDA approval of the Hetero ANDA, Hetero Labs, Hetero Unit-V, and Hetero USA will act in concert to develop, manufacture, market, sell, distribute, and/or import the ANDA Product throughout the United States, including in New Jersey.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

14.     Hetero USA is subject to personal jurisdiction in New Jersey because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws, such that it should reasonably anticipate being haled into court here.  Hetero USA is qualified to do

business in New Jersey, and has its principal place of business in New Jersey.  On information and belief, Hetero USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout New Jersey, related to Salix's claims, and/or has engaged in systematic and continuous business contacts within New Jersey.  It therefore has consented to general jurisdiction in New Jersey.

15.    Hetero Labs is subject to personal jurisdiction in New Jersey because, among other things, Hetero Labs itself, and through its wholly owned subsidiary Hetero USA, purposely availed itself of the benefits and protections of New Jersey's laws, such that it should reasonably anticipate being haled into court here.  Hetero Labs is qualified to do business in New Jersey, and has its principal place of business in New Jersey.  On information and belief, Hetero Labs itself, and through its wholly owned subsidiary Hetero USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout New Jersey, related to Salix's claims, and therefore transacts business within New Jersey, and/or has engaged in systematic and continuous business contacts within New Jersey.  It therefore has consented to general jurisdiction in New Jersey.  In addition, Hetero Labs is subject to personal jurisdiction in New Jersey because, on information and belief, it controls Hetero USA, and therefore Hetero USA's activities in this jurisdiction are attributed to Hetero Labs.

16.    Hetero Unit-V is subject to personal jurisdiction in New Jersey because, among other things, Hetero Unit-V itself, as a division Hetero Labs and its wholly owned subsidiary Hetero USA, purposely availed itself of the benefits and protections of New Jersey's laws, such that it should reasonably anticipate being haled into court here.  Hetero Unit-V is qualified to do business in New Jersey, and has its principal place of business in New Jersey.  On information and belief, Hetero Unit-V itself, as a division of Hetero Labs and its wholly owned subsidiary Hetero

5

USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout New Jersey, related to Salix's claims, and therefore transacts business within New Jersey, and/or has engaged in systematic and continuous business contacts within New Jersey. It therefore has consented to general jurisdiction in New Jersey. In addition, Hetero Unit-V is subject to personal jurisdiction in New Jersey because, on information and belief, it controls Hetero USA, and therefore Hetero USA's activities in this jurisdiction are attributed to Hetero Unit-V.

17. In the alternative, this Court may exercise jurisdiction over Hetero Labs and Hetero Unit-V pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Salix's claims arise under federal law; (b) Hetero Labs and Hetero Unit-V are foreign defendants not subject to personal jurisdiction in the courts of any state; and (c) Hetero Labs and Hetero Unit-V have sufficient contacts with the United States as a whole, including, but not limited to, submitting the Hetero ANDA to FDA with the intent to develop, manufacture, market, sell, distribute, and/or import the ANDA Product throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs and Hetero Unit-V satisfies due process.

18. Additionally, Hetero Labs and Hetero Unit-V are subject to personal jurisdiction in New Jersey because, among other things, Hetero Labs and Hetero Unit-V intend to develop, manufacture, import, market, offer to sell, and/or sell generic drugs throughout the United States, including in New Jersey, and therefore transact business within New Jersey related to Salix's claims. Hetero Labs and Hetero Unit-V therefore have consented to general jurisdiction in New Jersey.

19. On information and belief, if the Hetero ANDA were approved, Hetero Labs, Hetero Unit-V, and Hetero USA would directly or indirectly manufacture, market, sell, and/or distribute the ANDA Product within the United States, including in New Jersey. On information

and belief, the ANDA Product would be prescribed by physicians practicing in New Jersey, dispensed by pharmacies within New Jersey, and used by patients in New Jersey.  Each of these activities would have a substantial effect within New Jersey and would constitute infringement of the Patents-in-Suit in the event the ANDA Product were approved before the Patents-in-Suit expire.

20.    Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this District as to Hetero USA because, among other things, on information and belief, Hetero USA (a) has its principal place of business in New Jersey and is subject to personal jurisdiction in this District; (b) has acted in concert with Hetero Labs and Hetero Unit-V to seek approval from FDA to market and sell the Hetero ANDA Product in this District; (c) assisted in the preparation and submission of the Hetero ANDA from its principal place of business in New Jersey; (d) conducts business, alone and/or in concern with Hetero Labs and Hetero Unit-V, from its principal place of business located in this District; (e) has engaged in regular and established business contacts with New Jersey by, among other things, contracting and engaging in related commercial activities concerning the marketing, making, shipping, using, offering to sell, or selling Defendants' products in this District, and deriving substantial revenue from such activities; and (f) directly benefiting from the approval of the Hetero ANDA.

21.    Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district as to Hetero Labs because, amongst other things, Hetero Labs is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial District.

22.    Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district as to Hetero Unit-V because, amongst other things, Hetero Unit-V is a company organized and existing

under the laws of the Republic of India and is subject to personal jurisdiction in this judicial District.

23.     Hetero Labs owns the Hetero ANDA and would directly benefit from the approval of the Hetero ANDA.  Hetero Unit-V, as a division of Hetero Labs, would also directly benefit from the approval of the Hetero ANDA.

24.     On information and belief, Hetero USA is the U.S. regulatory agent for Hetero Labs and Hetero Unit-V, and in that capacity, Hetero USA assisted in the preparation and submission of the Hetero ANDA on Hetero Labs and Hetero Unit-V's behalf from its principal place of business in New Jersey.

25.     On information and belief, Hetero Labs and Hetero Unit-V consented to Hetero USA acting on its behalf when it engaged Hetero USA to assist in the preparation and submission of the Hetero ANDA on Hetero Labs and Hetero Unit-V's behalf.

26.     On information and belief, Hetero USA consented to act on behalf of Hetero Labs and Hetero Unit-V when it assisted in the submission of the Hetero ANDA.

27.     On information and belief, Hetero Labs owns the Hetero ANDA, and thus Hetero Labs controlled and directed Hetero USA's acts related to the preparation and submittal of the Hetero ANDA.  By virtue of Hetero Labs, Hetero Unit-V also controlled and directed Hetero USA's acts related to the preparation and submittal of the Hetero ANDA.

28.     On information and belief, by virtue of its agency relationship with Hetero USA, Hetero Labs and Hetero Unit-V have a regular and established place of business in New Jersey.

29.     On information and belief, Hetero consented to jurisdiction, did not contest jurisdiction, and asserted claims and/or counterclaims in New Jersey in one or more prior litigations, including the following: *Astella Pharma Inc. et al. v. Hetero USA, Inc. et al.*, No. 3:25-

8

cv-15434 (D.N.J. Sept. 10. 2025); *Aragon Pharmaceuticals, Inc. v. Hetero Labs Limited Unit-V et al.*, No. 2:25-cv-11924 (D.N.J. Jun. 18, 2025); and *Pharmacosmos A/S et al. v. Hetero Labs Limited et al.*, No. 2:25-cv-03945 (D.N.J. May 07, 2026).

## THE XIFAXAN® NDA

30.    Salix Pharmaceuticals, Inc. holds the approved New Drug Application ("NDA") Nos. 021361 and 022554 (a supplement to NDA No. 021361 that was granted a new NDA number for Xifaxan® (rifaximin) 550 mg tablets).

31.    FDA approved NDA No. 021361 for Xifaxan® 200 mg tablets on May 25, 2004, and approved NDA No. 022554 for Xifaxan® 550 mg tablets on March 24, 2010.  Xifaxan® 550 mg tablets are indicated for the reduction in risk of overt hepatic encephalopathy recurrence in adults and the treatment of irritable bowel syndrome with diarrhea ("IBS-D") in adults.

## THE PATENTS-IN-SUIT

32.    On October 10, 2023, the '571 Patent, titled "Methods for Treating Irritable Bowel Syndrome (IBS)," was duly and legally issued to Salix Pharmaceuticals, Inc. as assignee.  A true and correct copy of the '571 Patent is attached hereto as **Exhibit A**.

33.    On January 31, 2023, the '912 Patent, titled "Methods for Treating Irritable Bowel Syndrome (IBS)," was duly and legally issued to Salix Pharmaceuticals, Inc. as assignee.  A true and correct copy of the '912 Patent is attached hereto as **Exhibit B**.

34.    On June 5, 2012, the '196 Patent, titled "Polymorphous Forms of Rifaximin, Processes for their Production and Use thereof in the Medicinal Preparations," was duly and legally issued to Alfa Wassermann, S.p.A. as assignee.  Alfasigma, S.p.A. is the successor to Alfa Wasserman, S.p.A. by operation of law.  A true and correct copy of the '196 Patent is attached hereto as **Exhibit C**.

9

35. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '571 Patent, the '912 Patent, and the '196 Patent are listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") for Xifaxan® 550 mg tablets.

36. Pursuant to agreements between Bausch Health Ireland Ltd., Salix Pharmaceuticals, Inc., and Alfasigma S.p.A., Bausch Health Ireland Ltd. and Salix Pharmaceuticals, Inc. have substantial rights in the '196 Patent, including, but not limited to, an exclusive license to the '196 Patent in the United States and the right to sue for infringement of the '196 Patent in the United States. Pursuant to these agreements, Salix Pharmaceuticals, Inc. is the sole distributor in the United States of Xifaxan® tablets.

**CLAIMS FOR RELIEF – PATENT INFRINGEMENT**

37. On information and belief, Defendants submitted the Hetero ANDA to FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, and sale of the ANDA Product as a generic version of Xifaxan® 550 mg tablets.

38. On information and belief, the Hetero ANDA seeks FDA approval of the ANDA Product for the treatment of IBS-D in adults.

39. The Notice Letter states the Hetero ANDA includes certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") regarding patents relating to Xifaxan®, including the Xifaxan® Patents, and in Defendants' opinion, certain claims of the Xifaxan® Patents are invalid, unenforceable, and/or will not be infringed.

40. On information and belief, Defendants' statements of the factual and legal bases for its assertions regarding non-infringement and invalidity of the Xifaxan® Patents are devoid of an objective good faith basis in either facts or the law. This case is exceptional.

10

41.     An actual, real, immediate, and justiciable controversy exists between Salix and Defendants regarding the infringement, validity, and enforceability of the Xifaxan® Patents.

42.     Salix commenced this action within 45 days of receiving the Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**COUNT I**
**(Infringement of the '571 Patent)**

43.     Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44.     By submitting the Hetero ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product throughout the United States, including New Jersey, prior to the expiration of the '571 Patent, Defendants committed an act of infringement of the '571 Patent under 35 U.S.C. § 271(e)(2)(A).

45.     The '571 Patent claims, *inter alia*, methods of treating diarrhea-associated irritable bowel syndrome with rifaximin.

46.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product prior to the expiration of the '571 Patent, including any applicable exclusivities or extensions, would infringe one or more claims of the '571 Patent under 35 U.S.C. § 271(b) either literally or under the doctrine of equivalents.

47.     On information and belief, the ANDA Product, if approved by FDA, would be prescribed and administered to human patients, including females, to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses would constitute direct infringement of one or more claims of the '571 Patent.

11

48.     On information and belief, these directly infringing uses would occur with Defendants' specific intent and encouragement and would be uses Defendants know or should know would occur.

49.     On information and belief, Defendants' infringement of the '571 Patent would be willful, intentional, deliberate and in conscious disregard of Salix's rights under the '571 Patent.

50.     On information and belief, Defendants would actively induce, encourage, aid, and abet this prescription and administration, with the knowledge and specific intent these uses would contravene Salix's rights under the '571 Patent.

51.     On information and belief, Defendants know or should know the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product prior to the '571 Patent's expiry would induce the direct infringement of one or more claims of the '571 Patent.

52.     On information and belief, Defendants' acts would be performed with knowledge of the '571 Patent and with intent to encourage infringement prior to the '571 Patent's expiry.

53.     Defendants were aware of the '571 Patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '571 Patent in the Notice Letter.

54.     Salix would be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Salix does not have an adequate remedy at law.

**COUNT II**
**(Infringement of the '912 Patent)**

55.     Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

56.     By submitting the Hetero ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product throughout the United States, including New Jersey,

12

prior to the expiration of the '912 Patent, Defendants committed an act of infringement of the '912 Patent under 35 U.S.C. § 271(e)(2)(A).

57.     The '912 Patent claims, *inter alia*, methods of treating irritable bowel syndrome with rifaximin.

58.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product prior to the expiration of the '912 Patent, including any applicable exclusivities or extensions, would infringe one or more claims of the '912 Patent under 35 U.S.C. § 271(b) either literally or under the doctrine of equivalents.

59.     On information and belief, the ANDA Product, if approved by FDA, would be prescribed and administered to human patients, including females, to relieve the signs and symptoms of irritable bowel syndrome in patients, which uses would constitute direct infringement of one or more claims of the '912 Patent.

60.     On information and belief, these directly infringing uses would occur with Defendants' specific intent and encouragement and would be uses Defendants know or should know would occur.

61.     On information and belief, Defendants' infringement of the '912 Patent would be willful, intentional, deliberate, and in conscious disregard of Salix's rights under the '912 Patent.

62.     On information and belief, Defendants would actively induce, encourage, aid, and abet this prescription and administration, with the knowledge and specific intent these uses would contravene Salix's rights under the '912 Patent.

63.     On information and belief, Defendants know or should know the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product prior to the '912 Patent's expiry would induce the direct infringement of one or more claims of the '912 Patent.

64.    On information and belief, Defendants' acts would be performed with knowledge of the '912 Patent and with intent to encourage infringement prior to the '912 Patent's expiry.

65.    Defendants were aware of the '912 Patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '912 Patent in the Notice Letter.

66.    Salix would be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Salix does not have an adequate remedy at law.

## COUNT III
### (Infringement of the '196 Patent)

67.    Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

68.    By submitting the Hetero ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product throughout the United States, including New Jersey, prior to the expiration of the '196 Patent, Defendants committed an act of infringement of the '196 Patent under 35 U.S.C. § 271(e)(2)(A).

69.    The '196 Patent claims, *inter alia*, a composition comprising a polymorphic form of rifaximin and methods of treating bacterial activity in the gastrointestinal tract using a composition comprising a polymorphic form of rifaximin.

70.    On information and belief, Defendants' manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product prior to the expiration of the '196 Patent, including any applicable exclusivities or extensions, would infringe one or more claims of the '196 Patent under 35 U.S.C. §§ 271(a), (b) either literally or under the doctrine of equivalents.

71.    On information and belief, the ANDA Product, if approved by FDA, would be prescribed and administered to human patients to relieve the signs and symptoms of irritable bowel

14

syndrome in patients, which uses would constitute direct infringement of one or more claims of the '196 Patent.

72.    On information and belief, these directly infringing uses would occur with Defendants' specific intent and encouragement and would be uses Defendants know or should know would occur.

73.    On information and belief, Defendants would actively induce, encourage, aid, and abet this prescription and administration, with the knowledge and specific intent these uses would contravene Salix's rights under the '196 Patent.

74.    On information and belief, Defendants' infringement of the '196 Patent would be willful, intentional, deliberate, and in conscious disregard of Salix's rights under the '196 Patent.

75.    On information and belief, Defendants know or should know the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product prior to the '196 Patent's expiry would induce the direct infringement of one or more claims of the '196 Patent.

76.    On information and belief, Defendants' acts would be performed with knowledge of the '196 Patent and with intent to encourage infringement prior to the '196 Patent's expiry.

77.    Defendants were aware of the '196 Patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '196 Patent in the Notice Letter.

78.    Salix would be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Salix does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Salix requests the following relief:

i.    A judgement that the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product, or any other drug product whose use is

covered by the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, would infringe and induce infringement of the Patents-in-Suit;

ii.    A judgment that the Patents-in-Suit have been infringed under 35 U.S.C. § 271(e)(2) by Defendants' submission of the Hetero ANDA to FDA;

iii.    A judgment ordering the effective date of any FDA approval of commercial manufacture, use, or sale of the ANDA Product, or any other drug product the use of which infringes the Patents-in-Suit, be not earlier than the expiration dates of the Patents-in-Suit, inclusive of any extension or additional period of exclusivity pursuant to 35 U.S.C. § 271(e)(4)(A);

iv.    A permanent injunction enjoining Defendants, and all persons acting in concert with Defendants, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product, or any other drug product whose use is covered by the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, inclusive of any extension or additional period of exclusivity;

v.    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

vi.    Costs and expenses in this action; and

vii.    Such further and other relief as this Court may deem just and proper.

16

Dated: May 7, 2026                              Respectfully submitted,

                                                By: */s/ Harvey Bartle, IV*
                                                Harvey Bartle, IV
                                                **MORGAN, LEWIS & BOCKIUS LLP**
                                                502 Carnegie Center
                                                Princeton, NJ 08540-6241
                                                Phone: (609) 919-6600

                                                OF COUNSEL
                                                Michael J. Abernathy
                                                Wan-Shon Lo
                                                Maria Doukas
                                                **MORGAN, LEWIS & BOCKIUS LLP**
                                                110 North Wacker Drive
                                                Chicago, IL 60606-1511
                                                Phone: (312) 324-1000

                                                Margaret A. McGreal
                                                **MORGAN, LEWIS & BOCKIUS LLP**
                                                2222 Market Street
                                                Philadelphia, PA 19103
                                                Phone: (215) 963-5000

                                                *Attorneys for Plaintiffs Salix Pharmaceuticals, Inc.,*
                                                *Salix Pharmaceuticals, Ltd., Alfasigma S.p.A., and*
                                                *Bausch Health Ireland Ltd.*